LAWSON, J.,
specially concurring.
I write separately to note this Court’s appreciation for the many hours of hard work volunteered by members of these committees, as reflected in the rule proposals, and to suggest a refinement that would address my primary concern. That concern, also alluded to in the majority opinion, is potential confusion stemming from use of the “limited representation counsel” designation, with its special rules, in a case where the litigant is represented by other counsel of record. The concerns raised by appellate practitioners, which prompted this change to the original Vision 2016 Commission’s proposal, could instead be addressed by adding another designation for “additional special counsel.” That designation would apply only when there is already counsel of record and could have its own separate rules that allow the appearance with consent of a sponsoring lead or additional counsel (without the need for a signature by the client). Additional special counsel could then be allowed to withdraw, without leave of court, by filing his or her own notice of withdrawal, or upon notice filed by the sponsoring lead or additional counsel. The additional special counsel designation could also be used to address the practice of “coverage counsel” in criminal cases. The *223 committees may have considered something like this and rejected it for reasons not readily apparent to me. But, this approach would appear to address the valid points made by appellate specialists retained to provide litigation assistance, and by criminal practitioners, while still implementing the good work of the Vision 2016 Commission aimed at assisting unrepresented litigants.